## WAKEFIELD v. COX.

### No. 10090.

Court of Civil Appeals of Texas.
San Antonio.

June 23, 1937.

Rehearing Denied July 21, 1937.

John C. North and Leslie S. Lockett, both of Corpus Christi, for appellant.

Jones & Kirkham, of Corpus Christi, for appellee.

MURRAY, Justice.

Appellant, W. A. Wakefield, instituted this suit against E. L. Cryer and wife, Mittie C. Cryer, and Paul Cox, seeking to recover the amount of principal, interest, and attorney's fees due on two certain notes signed by Cryer and wife and indorsed by Paul Cox. It is conceded that when the notes matured no demand of payment was made, and no notice of nonpayment given to Paul Cox, the indorser, and that he would not be liable for the payment of the notes unless he has in some way waived the failure to notify him of nonpayment.

The plaintiff alleged that after the notes were due, on numerous occasions, Cox either promised to pay said notes himself, or make some arrangements to have the Cryers pay them, and that he thereby waived his right to due notice of nonpayment. Cox filed a number of special exceptions directed to these allegations. The trial court did not rule upon these exceptions at the beginning of the trial, but stated he would carry them along through the rest of the trial and proceeded to hear the evidence. The evidence shows that some time after the notes were due Wakefield wrote Mr. and Mrs. E. L. Cryer a letter, in which he demanded payment of these notes, and sent Cox a copy of the letter. It is not contended, however, that this letter was in any way due notice of nonpayment.

Appellant testified, over appellee Cox's objection, that he, Cox, never denied liability on these notes; that he had quite a few negotiations with Cox after the notes were due; and that Cox treated the notes as binding obligations on himself. That Cox promised to go over to see Cryer and attach his crop, or do something with it, but he never went. That Cox had always indicated that the obligation was binding on him, but, of course, he wanted to collect it from Cryer. There is other testimony of a similar character in the record.

This testimony, given largely in answer to leading questions and over the objection of appellee, is insufficient to show that Cox intended to waive appellant's failure to give him due notice of nonpayment of the notes. Farmers' & Mechanics' National Bank v. Head (Tex.Com.App.) 7 S.W.(2d) 61.

Accordingly, the judgment of the trial court will be in all things affirmed.